DIONISIA ALVAREZ, demandante-apelada-apelante, *v.* RAMÓN AVILA, demandado-apelante-apelado y EL MUNICIPIO DE QUEBRADILLAS, interventor-apelante-apelado.

No. 5053.—*Sometido:* Enero 16, 1930. *Resuelto:* Febrero 4, 1930.

*Antonio Piñero,* abogado del demandado-apelante; *R. Padró,* abogado del demandante; *Fulgencio Piñero,* abogado del interventor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dionisia Alvarez inició este pleito sobre reivindicación de una pequeña parcela de terreno que alegó que era parte de una finca de su propiedad de cinco cuerdas colindantes con la zona urbana del municipio de Quebradillas. Alegó que la parcela tenía un valor de más de quinientos dólares y estaba poseída sin título alguno por el demandado. Contestó el demandado que en efecto poseía la parcela en cuestión desde 1907 por concesión que le hizo su dueño el municipio de Quebradillas. Este solicitó intervenir en el pleito y alegó que era dueño no sólo de la parcela ocupada por el demandado si que también de la finca de cinco cuerdas.

Así trabada la contienda fué el pleito a juicio. Practicose una larga prueba documental y testifical y finalmente la corte fundando su fallo en una cuidadosa opinión decidió el caso declarando la demanda con lugar sin especial condena de costas.

El demandado y el interventor apelaron. Sólo el interventor compareció por su abogado a la vista del recurso.

Hemos examinado los alegatos de los apelantes y no

cumplen con la regla de esta corte que exige un señalamiento separado de errores. Ello por sí solo bastaría para, sin entrar en los méritos de la apelación, confirmar la sentencia.

Eso no obstante hemos examinado las cuestiones suscitadas especialmente porque una de ellas es jurisdiccional y hemos llegado a la conclusión de que no son meritorias.

■ Se insiste fuertemente en que la corte de distrito no tenía jurisdicción para conocer originalmente de este caso porque su cuantía es inferior a quinientos dólares.

En la demanda se alegó como hemos indicado que la cuantía era mayor de quinientos dólares y durante el juicio uno de los testigos declaró que la parcela reclamada valía quinientos setenta dólares.

En la contestación se alegó que el valor de la parcela era treinta y nueve dólares y se dice que ello es aparente porque es imposible que una porción tan pequeña de terreno,—seis metros al sur, seis al norte, seis y medio al este y siete al oeste,—pueda valer más de quinientos dólares.

La prueba del exacto valor de las cosas es algo en verdad difícil en muchos casos. Uno de ellos es éste. Un testigo declaró que la porción de terreno valía $570 y la corte creyó su testimonio, y no es nada imposible que una porción determinada de terreno, a orillas de un pueblo, que lleva una finca a colindar con una calle, por pequeño que sea ese pueblo pueda valer más de quinientos dólares. Además en realidad de verdad lo que se puso a prueba finalmente en este caso fué el título de las cinco cuerdas que tienen claramente un valor superiorísimo a la suma que da jurisdicción original a las cortes de distrito.

■■ Decidido este punto resta sólo analizar la apreciación de la prueba. La opinión es completa. Hemos estudiado la evidencia documental y testifical practicada por ambas partes y creemos que demuestra cumplidamente que la demandante es dueña de la finca de cinco cuerdas y que dentro de la finca está la porción de que se apoderó el demandado Avila cuyo apoderamiento apoya el interventor muni-

cipio sobre la base de que no ya la porción si que la finca toda es suya. El caso *prima facie* de la demandante no fué en manera alguna destruído por el interventor. La evidencia aportada por éste se expone y analiza debidamente en la opinión del juez sentenciador así:

"El interventor ofreció como prueba un expediente del año 1869 titulado 'Plano general del pueblo de Quebradillas y proyectos de alineaciones para el mismo formados por acuerdos de la Municipalidad para cumplimentar la Real Orden de 9 de junio de 1867,' que contiene una 'Memoria justificativa de las alineaciones que se proponen para el pueblo de Quebradillas,' y 16 planos.

"En la memoria no se hace referencia a terrenos que sean de la propiedad del Municipio, sino al proyecto de las alineaciones y construcción de nuevas calles que se proponen para el referido pueblo de Quebradillas. No contiene nada más el documento. Y ofreció, además, el interventor, la declaración del testigo Manuel Lamela, Alcalde desde 1914, quien manifestó que siempre ha considerado la parcela como propiedad del Municipio porque esos terrenos eran del pueblo; que lo sabe porque se extendió una calle por allí y se afirmó; y 'por los planos que están archivados en el Municipio.' "

Se hace énfasis en el alegato del demandado sobre el hecho de haberse demostrado que viene poseyendo desde hace veinte y dos años la porción que ahora se le reclama por la demandante. Es cierto el hecho pero veinte y dos años de posesión sin justo título no son suficientes para adquirir por prescripción. El demandado poseía algo, un solar, con justo título—permiso del municipio dueño—pero extendió el solar más allá de sus verdaderos límites y penetró en campo ajeno. Lo ocurrido al invadir el demandado la porción de terreno de que se trata con o sin consentimiento del municipio, no importa, porque el municipio no podía consentir en que se ocupara lo que no le pertenecía, lo describe pintorescamente la propia demandante en su declaración que mereció entero crédito a la corte, así:

". . . al enterarse ésta de lo ocurrido se entrevistó con el demandado quien le informó que el Municipio se lo había cedido, pero que no se apurara, 'que la tierra no se iba,' 'que aquello era siempre

de ella,' y que él construía interinamente. Y dice la demandante: 'Yo no reclamé antes porque siempre me dijo que construía interinamente, pero se me armó; se me hizo dueño de eso; y de ahí vino este pleito.' "

Por virtud de todo lo expuesto *debe confirmarse la sentencia recurrida* sin que haya lugar a imponer las costas a la parte vencida como pretende la apelada porque ella se conformó con la sentencia tal como fué dictada sin interponer contra la misma recurso alguno.