Fernando Gallardo, demandante y apelado, *v.* Domingo Quintana, demandado y apelante.

No. 5416.—*Sometido:* Abril 24, 1931. *Resuelto:* Febrero 26, 1932.

*González Fagundo & González Jr.,* abogados del apelante; *P. Pérez Pimentel y F. Gallardo,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación fué interpuesta por el demandado Domingo Quintana contra la sentencia que declaró con lugar la demanda reivindicatoria de una finca de once cuerdas noventa y cuatro céntimos de otra, radicada en el barrio Candelero Abajo del término municipal de Humacao, establecida por Fernando Gallardo.

Los motivos alegados para sostener este recurso son: que la sentencia es contraria a derecho y que también es contraria a la prueba.

De la prueba practicada en el juicio por el apelado aparece que la finca a que se refiere este pleito está inscrita en el registro de la propiedad a favor del apelado Gallardo por compra que de ella hizo por escritura pública a Hermi-

nio Cofresí, quien, según el registro, la adquirió por adjudicación que de ella se le hizo en escritura pública de partición de una finca mayor en la que era condueño, que también estaba inscrita. Presentó asimismo el apelado ciertas constancias de un pleito en que se ordenó la división de la comunidad de la finca mayor y en el que fué aprobada la partición mencionada. Presentó también copia certificada de la escritura pública por la cual Herminio Cofresí, vendió, cedió y traspasó a Fernando Gallardo Díaz la finca en litigio, así como todos sus derechos y acciones en y sobre la misma por cierto precio recibido, sin otras estipulaciones. Dos testigos, Juan Cruz y el demandante Gallardo, declararon qué Francisco Santiago vive en la finca pero que Domingo Quintana es quien está poseyéndola; manifestando, además, el último de ellos que escribió varias veces a Quintana requiriéndole para que desocupara la finca y que entonces Quintana fué donde él y le propuso comprarla pero el demandante no quiso vendérsela.

La prueba del demandado consistió en su declaración, en la que dijo que no tiene propiedades en el barrio de Candelero Abajo de Humacao; que no está poseyendo la finca reclamada; que una vez residió en dicho barrio como administrador o gerente de Quintana & Cía., sociedad civil que tenía y tiene terrenos en dicho sitio; que él personalmente no tiene una sola cuerda de terreno en dicho barrio y qué actualmente no reside allí ni tiene relación alguna con la sociedad Quintana & Cía.; que no recuerda haber recibido las cartas que Gallardo dice que le escribió ni haber hablado con Gallardo ofreciéndole comprarle la finca. Presentó como prueba la escritura pública otorgada el 5 de agosto de 1920 por la cual se constituyó la sociedad civil Quintana & Cía. por término de diez años para la siembra y cultivo de terrenos y recolección de frutos siendo Domingo Quintana uno de los socios, de cuyo documento no aparece que los que la constituyeron aportaran a ella finca alguna.

Por lo expuesto se ve que el apelado probó su título a la

finca que reclama, descrita para su identificación, y que el apelante está poseyéndola, según prueba testifical del apelado que, aunque contradicha por el apelante, fué creída por el tribunal sentenciador.

■■ Dice, sin embargo, el apelante que no aparece de la prueba que Cofresí y Gallardo hayan tenido la posesión de la finca y que ha debido probarse que cuando a Herminio Cofresí se le adjudicó la finca en la división de la comunidad entró en posesión de ella y que en ese caso si él hubiera perdido la posesión, al comprar la finca Gallardo quién sabe si hubiera podido traer la acción reivindicatoria pero que ninguno de los dos en ninguna época ha poseído ni ha sido despojado de la posesión; que con la escritura presentada también como prueba por Gallardo se justificó que adquirió el derecho a la propiedad estando obligado Cofresí a entregársela; que surge "la presunción de su derecho en la propiedad, de su condición de dueño de la misma, la acción para reivindicarla" pero que con la misma prueba del demandante aparece destruída la presunción que en favor del hecho de la tradición levanta la escritura de compraventa.

Tanto la escritura de división de comunidad y de adjudicación a Cofresí de la finca objeto de este litigio como la de venta que de ella hizo a Gallardo llevaron consigo por ministerio de la ley la entrega simbólica a que se refiere el artículo 1365 del Código Civil, que en lo pertinente ahora dice así:

"Cuando se haga la venta mediante escritura pública, el otorgamiento de ésta equivaldrá a la entrega de la cosa objeto del contrato, si de la misma escritura no resultare o se dedujere claramente lo contrario."

De las escrituras de adjudicación a Cofresí y de la de compra a Gallardo no resulta ni se deduce lo contrario a la entrega simbólica que lleva consigo el otorgamiento de una escritura pública por lo que no puede sostenerse que Cofresí ni Gallardo no hayan tenido la posesión de la finca en cuestión. El caso de *Ferry* v. *Alomar, et al.*, 15 D.P.R. 752, que

el apelante cita en la parte que expone el criterio de la corte inferior, es contrario a la teoría del apelante, pues aun cuando en la escritura de venta en ese caso se cedieron también los derechos que tenía la vendedora a reclamar daños y perjuicios por la posesión ilegal de la finca por tercera persona, este tribunal declaró que tal cesión de derecho no revelaba que no se entregó la finca. En el caso de *Fuertes* v. *Nogueras,* 32 D.P.R. 289, también se alegó, como en éste, que el comprador tenía un derecho a, pero no en, la propiedad y que la posesión material nunca fué traspasada al comprador, pero este tribunal rechazó esa teoría en virtud de lo dispuesto en el artículo 1365 *supra.*

No aparece de la prueba, como dice el apelante, que otra persona, Francisco Santiago, está poseyendo la finca. Lo que de ella resulta es que allí está viviendo Francisco Santiago pero que el apelante es el que la posee, según declararon dos testigos creídos por el tribunal inferior, por lo que no existe insuficiencia de la prueba para sostener la sentencia.

Aunque el apelante no alegó defensa alguna en su favor en la contestación a la demanda se admitió como evidencia la escritura social de Quintana & Cía. en la que no hay aportación de fincas, por lo que nada prueba contra el apelado ni favorece al apelante pues no demuestra que Quintana & Cía. es la poseedora de la finca, si es esto lo que se intentó probar con este documento, ni prueba, como dice el apelante en su alegato, que Domingo Quintana no tiene fincas en el barrio Candelero Abajo de Humacao y que quien posee fincas allí es dicha sociedad, pues no consigna cuáles son las fincas que va a cultivar entre Humacao y Yabucoa.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf no intervino.