FERNANDA GOGLAS DÍAZ, demandante y apelante, *v.* SUCN. DE MARÍA DEL CARMEN MASSANET SÁNCHEZ, ETC., demandada y apelada.

Núm. 8359.—*Sometido:* Febrero 25, 1942. *Resuelto:* Marzo 27, 1942.

*José C. Aponte,* abogado de la apelante; *Tomás Bernardini de la Huerta,* abogado de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Corte de Distrito de Guayama declaró sin lugar una demanda de reivindicación presentada por Fernanda Goglas Díaz en contra de la Sucesión de María del Carmen Massanet Sánchez, y en la relación del caso y opinión que dictó en apoyo de su sentencia, después de analizar minuciosamente toda la prueba presentada por la demandante, se expresó así:

". . . De la evidencia antes relacionada ha quedado demostrado a juicio de esta corte que (1) en el barrio Algarrobos y sitio 'El Corazón' existía una finca o estancia de 19.26 cuerdas, conocida con el nombre de 'Buena Unión', que perteneció originalmente a Pedro Francisco Rosseau, luego a la muerte de éste a sus hijos y nietos y luego a Zenón Charlerí, quien la adquirió de la Sucesión Rosseau por contrato de compraventa de 29 de agosto de *1859*, que fué ratificado mediante escritura de 5 de mayo de *1860;* (2) que Zenón Charlerí estuvo casado con María Concepción Goglas, del cual matrimonio tuvieron una hija llamada María Emilia o Inés, quien a su vez contrajo matrimonio con José de Jesús Colón, habiendo procreado un hijo llamado Florencio de Jesús Colón Charlerí; (3) que Zenón Charlerí falleció en Humacao el día 30 de abril de 1866 y María Emilia o Inés Charlerí Goglas falleció en Ponce el día 7 de septiembre de 1915; (4) que Florencio de Jesús Colón Charlerí es nieto por línea materna y heredero de Zenón Charlerí; (5) que por escritura de 25 de septiembre de 1928 cedió a la demandante los derechos y acciones que le pudieran corresponder en la herencia dejada por su abuelo; y (6) que la demandante ha requerido, según su propia declaración, a los demandados para que la restituyan en la posesión de la predicha finca. La demandante *no probó que la sucesión demandada o sus causantes estuvieran en la posesión de la finca 'Buena Unión' ni pudo en forma alguna producir evidencia para probar que la referida finca está incluída en la finca denominada 'El Corazón', que, tal como alegaran los demandados, son los únicos terrenos poseídos por ellos en el barrio Algarrobos y lugar 'El Corazón' de Guayama. . . .*" (Bastardillas nuestras.)

Asimismo, después de analizar la prueba de la demandada, la corte dijo en su opinión:

". . . De la evidencia de los demandados aparece demostrado que la finca 'El Corazón' es una finca completamente distinta de la

finca 'Buena Unión'; que ninguna de las fincas que se agruparon para formar la mencionada finca perteneciera en alguna época a Zenón Charlerí o a su sucesión o a Don Pedro Francisco Rousseau o a su sucesión y que dicha finca 'El Corazón' ha pertenecido a la familia Massanet y ha estado en su posesión desde hace más de cincuenta años. La demandante tenía que probar su título de dominio sobre la finca 'Buena Unión' y que la misma estaba ilegalmente en la posesión de los demandados. *Álvarez* v. *Ávila*, 40 D.P.R. 523 y *Gallardo* v. *Quintana*, 43 D.P.R. 162. Admitiendo que la demandante hubiera demostrado ser dueña de dicha finca porque se presume que habiendo pertenecido a Zenón Charlerí continuó siendo de la sucesión de éste y por tanto de la demandante al adquirir ésta por compra los derechos hereditarios de Florencio de Jesús Colón y Charlerí en los bienes de su difunto abuelo Zenón Charlerí (*Morales et al.* v. *Landrau et al.*, 15 D.P.R. 782; *Fuentes* v. *Meléndez*, 40 D.P.R 483), *la demandante no produjo evidencia demostrativa de que la estancia 'Buena Unión' esté bajo la posesión de los demandados, es decir, esté comprendida entre los linderos de la finca 'El Corazón', que es la única propiedad inmueble en el Barrio Algarrobos y lugar 'El Corazón' que pertenezca a los demandados,* siendo por el contrario el criterio de la corte que de la evidencia de los demandados puede inferirse que la mencionada finca 'Buena Unión' no está incluída dentro de las colindancias de la finca 'El Corazón'.'' (Bastardillas nuestras.)

La demandante al apelar de la sentencia señala en su alegato cuatro errores como cometidos por la corte inferior al admitir en evidencia y darle valor probatorio a la certificación del Registrador de la Propiedad de Guayama creditiva de que los demandados tienen inscrita una finca denominada ''El Corazón'', al admitir en evidencia el plano levantado por la demandada, al resolver que la demandante no probó que la sucesión demandada estuviera en posesión de la finca ''Buena Unión'' propiedad de la demandante y que la sentencia es contraria a la prueba, a los hechos y a la ley.

■ Los dos primeros señalamientos se refieren a la admisión (1) de una certificación del Registro de la Propiedad, al efecto de que la finca ''El Corazón'', de 346 cuerdas estaba inscrita a nombre de la sucesión demandada y (2) de un plano

de dicha finca levantado por el ingeniero Sr. Cuevas con citación de todos los colindantes. Como de acuerdo con el párrafo octavo de la contestación a la demanda se alegó expresamente por la demandada que la finca "El Corazón" estaba inscrita a su nombre, la certificación era admisible para comprobar ese hecho. Sostiene la apelante, sin embargo, que la demandada trató de establecer dos defensas inconsistentes, la primera que no estaba en posesión de la finca Buena Unión, y la segunda, una defensa de prescripción en relación con dicha finca. No tiene razón la apelante. La demandada al alegar la posesión no interrumpida por más de 40 años se refiere a la finca "El Corazón" y no a la finca "Buena Unión". Basta, para comprobarlo, una mera lectura de la alegación octava de la contestación, que dice así:

"OCTAVO: Alegan asimismo los demandados, que ni ellos ni sus causantes tienen ni han tenido nunca bajo su posesión, finca ni terreno alguno que pertenezca o haya pertenecido a la demandante o a las personas que ella cita como sus causantes, y consignan que las únicas tierras en poder de los demandados contestantes en el barrio Algarrobos y lugar del Corazón, están constituídas por una finca que se describe así: (se describe); del dominio de cuya finca son dueños por legítimo título de herencia de su causante doña María del Carmen Massanet y Sánchez, quien a su vez la hubo de su causante don Sebastián Massanet y Esteva, éste a su vez de la sociedad 'Masanet y Covas' y ésta a su vez, en cuanto a una porción de doscientas treinta y siete cuerdas, por compra a don Manuel Maximino Luzunaris y a su hermano don Higinio Maximino de igual apellido, allá para el año de mil ochocientos ochenta y dos; en cuanto a otra porción de cien cuerdas, por compra a don Emilio Boudens allá por el año de 1872 y en cuanto al resto, por compra al mismo Boudens, allá por el año de 1871, *estando inscrita dicha finca en el Registro de la Propiedad,* y viniendo disfrutando los demandados y sus mencionados causantes del dominio de la misma desde hace un espacio de tiempo de más de cincuenta años, siendo la posesión en que están con el carácter de dueños, mediante justos títulos de compraventa y herencia, de buena fe y de una manera pública, pacífica, quieta y no interrupida por más de los expresados cincuenta años hasta la fecha, y por más de cuarenta años desde la adquisición de su causante." (Bastardillas nuestras.)

Como la propia apelante admite en su alegato que los fundamentos de oposición a la admisión del plano son los mismos que los que hizo en cuanto a la certificación del registrador, ambos errores deben ser desestimados.

El tercero y cuarto señalamiento pueden resolverse conjuntamente, pues se refieren a la apreciación que de la prueba hizo la corte inferior. Hemos leído la transcripción de evidencia y somos de opinión de que, de acuerdo con la prueba presentada, no procedía otra sentencia que la dictada en este caso declarando sin lugar la demanda. El análisis detallado que hace el juez sentenciador en su opinión de toda la prueba documental en relación con la finca de los demandados, revela que, en forma alguna, la demandante pudo probar que la finca ''Buena Unión'' de 19 cuerdas estuviera contenida dentro de las 346 cuerdas de la finca ''El Corazón'' propiedad de la demandada y cuyo dominio tiene inscrito a su favor en el Registro de la Propiedad de Guayama desde el año 1929, habiendo estado a su vez inscrita dicha finca a favor de los causantes de la demandada desde hace más de 50 años, o sea desde el 23 de mayo de 1891, durante los cuales también se probó que habían estado en posesión. Independientemente de que la finca ''Buena Unión'' estuviera o no contenida en la finca ''El Corazón'', tampoco probó la demandante que la demandada estuviera detentando la finca ''Buena Unión''.

Repetidamente ha resuelto esta Corte que corresponde al demandante en una acción reivindicatoria probar la existencia del derecho que reclama, y no habiendo la demandante en este caso probado que la parte demandada estuviera detentando la finca ''Buena Unión'' que alega le pertenece, o que esté comprendida en forma alguna dentro de la finca ''El Corazón'', propiedad de la demandada, *procede la confirmación de la sentencia apelada.*